STILES (PARKER v.). See Case No. 10,749.

---

## Case No. 13,444.
### STILLE v. TRAVERSE.
[3 Wash. C. C. 43.] [1]

Circuit Court, D. Pennsylvania. April Term. 1811.

Bill of Lading—Prior Bill Given—Liability for Failure to Deliver.

The defendant, as master of the Hope, took on board a quantity of coffee at Laguira, the property of L., and signed a bill of lading, to deliver the same to C. in Philadelphia, to which port the Hope was about to proceed. Afterwards, L. having borrowed a sum of money of J., the captain signed a second bill of lading, by which he stipulated to deliver forty-five bags of the same coffee to the plaintiff, as a security for the repayment of the money borrowed. *Held,* that the defendant, although he had delivered the whole of the coffee to C. under the first bill of lading, was liable to the plaintiff, for the forty-five bags of coffee mentioned in the second.

[Cited in Wiener v. The Rafael Arroyo, Case No. 17,621.]

The defendant, the master of the Hope, lying at Laguira, took in a parcel of coffee the property of Mr. Lancaster, and gave a bill of lading, to deliver the same to Mr.

Kerns of Philadelphia, to which port the vessel was destined. Lancaster, having borrowed 600 dollars of one Jacobs, then at Laguira, gave him a bill of exchange at sight, upon said Kerns; and for securing the same, he obtained a bill of lading from the defendant, for the delivery of forty-five bags of the above coffee to the plaintiff, the agent of Lancaster; which bill is dated the day after the general bill for the whole cargo. By an endorsement on the bill of lading for the forty-five bags of coffee, it was agreed, that if the same should sell for more than the amount of the said bill, in case that should not be paid, the surplus was to be paid over to Lancaster. Upon the arrival of the Hope at Philadelphia, the whole cargo was delivered to Kerns, who refused to accept or pay Lancaster's bill. Previous to such delivery, the forty-five bags were demanded by the plaintiff, but were taken away by Kerns, who had a permit for the landing of the whole cargo, as the plaintiff had for landing the forty-five bags.

Mr. Ingersoll, for defendant, stated that his client was merely a stake-holder, and that he only wished the case to be rightly decided, that his client might not lose his recourse, in case of a verdict against him; for which purpose, he had notified Kerns to appear, and defend the suit.

Mr. Peters appeared for Kerns, and exhibited the bill of lading for the whole cargo of coffee, and stated that the same were the proceeds of an outward cargo, sent out under the management of Lancaster, his supercargo; but he stated, at the same time, that he did not, on the part of Kerns, mean to defend the suit, but should leave the defendant to justify himself, for having given the bill of lading for the forty-five bags.

WASHINGTON, Circuit Justice (charging jury). Whether Lancaster or Kerns was the real owner of this coffee, does not appear; and in this case, is immaterial. It may become necessary for the defendant to ascertain that point, in case he should have to recover over against either of these parties, what may be recovered against him in this action. But there is no question, as to the defendant's liability to comply with his bill of lading to the plaintiff. If, as a stake-holder, he thought proper to deliver the property to either of the contending parties, he no doubt took care to be indemnified; and whether or not, he is bound by his contract with the plaintiff. Your verdict, therefore, must be for the plaintiff.

Verdict for plaintiff.

---

STILLINGER (CULBERTSON v.). See Case No. 3,463.

---

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]